# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS C. MBEWE, # 360-922 | * | |
| Petitioner | * | Civil Action No. AW-12-cv-1632 |
| v. | * | |
| WAYNE A. WEBB, et al. | * | |
| Respondents | * | |

***

## MEMORANDUM

Pending is Francis C. Mbewe's ("Mbewe") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2010 conviction in the Circuit Court for Montgomery County, Maryland for conspiracy, armed robbery, and assault. ECF No. 1. Respondents Wayne Webb, the Warden of the Maryland Correctional Institution-Hagerstown, and Douglas Gansler, Attorney General of the State of Maryland, by their counsel, have filed a Limited Response requesting dismissal of the Petition as unexhausted (ECF No. 6) to which Stokes has filed a Reply. (ECF No. 7). The matter is fully briefed and ripe for disposition, a hearing deemed unnecessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating a petitioner not is entitled to a hearing under 28 U.S.C. § 2254 (e) (2)). For reasons set forth below, the Petition will be DISMISSED without prejudice.

## PROCEDURAL HISTORY

On February 22, 2010, a jury sitting in the Circuit for Montgomery County found Mbewe guilty of armed robbery, conspiracy to commit armed robbery, and assault. ECF No. 8, Exhibit

Docket No. 95); Exhibit 2. On April 20, 2010, Mbewe was sentenced to serve 15 years in prison. ECF No. 6. Exhibit 2 at 1; Exhibit 1 (Docket No. 116).[1]

By unreported opinion filed on October 12, 2011, Mbewe's judgment of conviction was affirmed by the Court of Special Appeals of Maryland. ECF No. 6, Exhibit 2. His Petitions for Certiorari, one filed pro se and the other by counsel, were denied by the Court of Appeals of Maryland on January 23, 2012. ECF No. 6, Exhibits 3-4.

On April 23, 2010, the same day that he filed his notice of direct appeal, Mbewe initiated post-conviction proceedings in the Circuit Court of Montgomery County. ECF No. 6, Exhibit 1 (Docket No. 129). The Circuit Court postponed Mbewe's post-conviction proceedings pending conclusion of his direct appeal *Id*. (Docket No. 156, 160-63).

On March 13, 2012, following completion of direct appeal proceedings, Mbewe filed an amendment to his post-conviction petition. *Id*. (Docket No. 169). In his amendment to the Petition, he claimed (A) he was illegally seized and searched; (B) trial counsel was ineffective for (1) failing to litigate a motion to suppress based on a violation of the Fourth Amendment, (2) failing to move to suppress a pretrial identification, (3) failing to request that the trial court disclose the numerical split of the jury contained in a jury note, (4) failing to object to the change in judges, and (5) waiving his right to be present at all critical stages of trial; (C) the prosecution violated his right to due process by (1) failing to disclose evidence, (2) presenting false testimony, (3) moving to suppress exculpatory evidence, and (4) introducing irrelevant and confusing evidence; (D) the trial court violated his right to due process by (1) failing to communicate the entirety of a jury note, (2) failing to comply with the Maryland Rules of Procedure when one judge replaced another judge, (3) failing to protect his right to be present at all critical stages of trial, and (4) failing to find him not guilty; (E) the evidence was insufficient

---
[1] Mbewe was tried jointly with Delonte Jordan. ECF No. 6, Exhibit 2.

to convict him; and (F) the cumulative effect of these errors. ECF No. 6, Exhibit 5. Mbewe's post-conviction proceedings remain pending in the Circuit Court.[2]

## MBEWE'S CLAIMS

In this Petition filed on June 1, 2012, Mbewe claims he is being held in state custody illegally and that (A) he was illegally seized and searched; (B) trial counsel was ineffective for (1) failing to litigate a motion to suppress based on a violation of the Fourth Amendment, (2) failing to move to suppress a pretrial identification, (3) failing to request that the trial court disclose the numerical split of the jury contained in a jury note, (4) failing to object to the change in judges, and (5) waiving his right to be present at all critical stages of trial; (C) the prosecution violated his right to due process by (1) failing to disclose evidence, (2) presenting false testimony, (3) moving to suppress exculpatory evidence, and (4) introducing irrelevant and confusing evidence; (D) the trial court violated his right to due process by (1) failing to communicate the entirety of a jury note, (2) failing to comply with the Maryland Rules of Procedure when one judge replaced another judge, (3) failing to protect his right to be present at all critical stages of trial, and (4) failing to find him not guilty; (E) the evidence was insufficient to convict him; and (F) the cumulative effect of these errors. ECF No. 1 at 7-28.

## DISCUSSION

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *Ali v. State of Florida*, 777 F.2d 1489 (11th Cir.1985). In order for a state prisoner to satisfy the exhaustion requirement, he must have fairly presented both the same legal claims and the same supporting facts to each of the

---

[2] *See also;* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=113795C&loc=68&detailLoc=MCCR.

appropriate state courts. *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, the claim must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12–201 and § 12–301. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an Application for Leave to Appeal to the Court of Special Appeals. *See* Md.Code Ann., Crim. Proc. § 7–109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12–202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must submit a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210–11 (1981).

Respondents do not waive the exhaustion requirement, ECF No. 6 at 9, and Mbewe's available state post-conviction remedies have yet to be exhausted. His Petition raises substantially the same claims that he currently is litigating in post-convictions proceedings before the state court. Indeed Mbewe's amended post-conviction and federal petitions read identically for the most part. ECF Nos. 1 at 7-28 and 6, Exhibit 5.

Absent a valid excuse, a habeas petitioner must first fully present his claims to the state courts. 28 U.S.C. § 2254(b)(1)(B) (providing exhaustion may be waived if a petitioner can show "there is an absence of available State correction process or ... circumstances exist that render such process ineffective to protect the rights of the applicant"). Excuse of the exhaustion

requirement is necessary only when the state remedies are proven to be ineffective to protect a petitioner's rights. *See Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3rd Cir.1986); *Ward v. Freeman*, 46 F.3d 1129, 1995 WL 48002 (4th Cir.1995) (unpublished) (noting "state remedies may be rendered ineffective by inordinate delay or inaction in state proceedings"). To the extent Mbewe asserts in his Reply that "the state courts have failed to follow Maryland Rules of Criminal Procedure set in place to protect the United State [sic] Constitutional rights of criminal defendants," to support excusing failure to exhaust, there remain viable state remedies available to Mbewe by way of his pending post-conviction proceedings. ECF No. 7 at 2. Contrary to Mbewe's inference, the Post-Conviction Court's stay of proceedings pending completion of his direct appeal does not support a finding of inordinate delay.

Mbewe's requests for appointment of counsel (ECF No. 7 at 7-8) and to stay and hold this case in abeyance pending exhaustion of claims, will be dismissed without prejudice and denied, respectively. Regarding appointment of counsel, Mbewe states he has limited access to the prison law library, and seeks appointment of counsel. There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus "that the court determines that the interests of justice so require." 18 U.S.C. § 3006A (2)(B). Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." An evidentiary hearing is not necessary, as the claims presented in the Petition are unexhausted. Therefore, the motion for appointment of counsel will be dismissed without prejudice.

Mbewe's concerns about filing his claims within the one-year limitations period applicable to 28 U.S.C. § 2254 proceedings, as presented here, do not support a stay and abeyance.[3] Stay and abeyance is available only in limited circumstances "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," and thus "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber,* 544 U.S. 269, 277 (2005). [4] Mbewe neither alleges nor does the record suggest grounds to warrant staying and holding this case in abeyance.

## CONCLUSION

For these reasons, the Petition shall be dismissed without prejudice. A certificate of appealability shall not issue as there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A separate order follows.

Date: November 22, 2013                                   /s/
                                                    Alexander Williams, Jr.
                                                    United States District Judge

---

[3] Mbewe should continue to be mindful of the limitations period if he intends to pursue his claims under 28 U.S.C. § 2254 after exhaustion of his state court remedies.

[4] Further, Mbewe does not allege his Petition is "mixed," containing exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. at 275-76 (2005) (holding a federal court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow a petitioner to return to present his unexhausted claims to state court and then return for federal habeas review).